ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL GENERAL DE JUSTICIA
TRIBUNAL DE APELACIONES
**PANEL VII**

| | | |
|---|---|---|
| **NÉSTOR BERRÍOS DÍAZ**<br>PETICIONARIA(S)<br><br>V.<br><br>**MUNICIPIO DE SAN JUAN**<br>PETICIONADA(S)<br><br>**COMISIÓN APELATIVA DEL SERVICIO PÚBLICO (CASP)**<br>AGENCIA(S) | **TA2026RE00002** | *MANDAMUS*<br>procedente de la<br>**COMISIÓN APELATIVA DEL SERVICIO PÚBLICO (CASP)**<br><br>Caso Núm.<br>**2010-09-0174**<br><br>Sobre:<br>Retención |

Panel integrado por su presidente, el Juez Rodríguez Casillas, la Juez Barresi Ramos y la Jueza Santiago Calderón.

*Barresi Ramos*, juez ponente

## S E N T E N C I A

En San Juan, Puerto Rico, hoy día 13 de marzo de 2026.

Comparece ante este Tribunal de Apelaciones, el señor **NÉSTOR BERRÍOS DÍAZ** (señor **BERRÍOS DÍAZ**) mediante *Mandamus* instado el 22 de enero de 2026. En su recurso, nos solicita que le requiriéramos a la **COMISIÓN APELATIVA DEL SERVICIO PÚBLICO** (**CASP**) cumplir con su deber ministerial de adjudicar la(s) controversia(s) ante su consideración, desde la celebración de la(s) audiencia(s): 21 de marzo de 2018 y 10 de julio de 2018, ello concerniente a la destitución del puesto de carrera como Inspector de Permisos del Municipio de San Juan. Ello en conformidad con el Artículo 8.21 del *Reglamento Procesal Núm 7313.* de la **COMISIÓN APELATIVA DEL SERVICIO PÚBLICO** (**CASP**).

Exponemos el trasfondo fáctico y procesal que acompaña a la presente controversia.

- I -

El 13 de septiembre de 2010, el señor **Berríos Díaz** entabló una *Apelación* sobre destitución contra el **Municipio de San Juan** (**Municipio**) ante la **Comisión Apelativa del Servicio Público** (**CASP**).[1] Impugnó la determinación del **Municipio**, con fecha de 25 de junio de 2010, en la cual se le destituyó de su puesto como Inspector de Permisos del Municipio de San Juan. El 29 de septiembre de 2010, el **Municipio** presentó su *Contestación a la Apelación* negando responsabilidad.[2]

Más tarde, el 16 de agosto de 2012, el señor **Berríos Díaz** presentó su *Moción para Solicitar Señalamiento*.[3]

Después, el 20 de marzo de 2018, el señor **Berríos Díaz** presentó *Moción para Solicitar Resolución Sumaria*.[4] Adujo que no existían hechos en controversia sobre la violación al debido proceso de ley durante el trámite que culminó con su destitución. Así las cosas, los días 21 de marzo de 2018 y 10 de julio de 2018, se celebraron las audiencias. En la última audiencia, se concedió un término de treinta (30) días para replicar a la *Moción para Solicitar Resolución Sumaria* al **Municipio**.[5] Luego de varias prórrogas, el 14 de septiembre de 2018, el **Municipio** presentó su *Oposición a "Moción para Solicitar Resolución Sumaria" y Memorando de Derecho*.[6] Expuso que el

---

[1] La **CASP** le asignó el número 2010-09-0174 y SM-2010-09-0174. Apéndice del *Mandamus*, entrada núm. 1 del expediente electrónico del Sistema Unificado de Manejo y Administración de Casos (SUMAC-TA).

[2] *Íd.*, entrada núm. 3 del expediente electrónico del Sistema Unificado de Manejo y Administración de Casos (SUMAC-TA).

[3] En múltiples ocasiones, el 24 de abril de 2013, el 10 de julio de 2015, el 25 de enero de 2017 y el 30 de abril de 2018; el señor **Berríos Díaz** suplicó a la **CASP** que señalara una vista adjudicativa. Apéndice del *Mandamus*, entradas núm. 4-7 del expediente electrónico del Sistema Unificado de Manejo y Administración de Casos (SUMAC-TA).

[4] *Íd.*, entrada núm. 10 del expediente electrónico del Sistema Unificado de Manejo y Administración de Casos (SUMAC-TA).

[5] Apéndice del *Mandamus*, entrada núm. 11 del expediente electrónico del Sistema Unificado de Manejo y Administración de Casos (SUMAC-TA).

[6] *Íd.*, entrada núm. 12 del expediente electrónico del Sistema Unificado de Manejo y Administración de Casos (SUMAC-TA).

**MUNICIPIO** había cumplido con todas las exigencias del debido proceso de ley durante el litigio disciplinario. Desde ese momento, el caso quedó sometido.

Ulteriormente, el 23 de enero de 2020 y el 18 de enero de 2022, se interpelo a la **CASP** que resolviera el caso.[7] Así, el 25 de febrero de 2022, la **CASP** tomo conocimiento de esto y ordenó al **MUNICIPIO** entregar documentos adicionales.[8] Dicho requerimiento fue cumplido mediante escrito presentado el 17 de marzo de 2022 por el **MUNICIPIO**.

Nuevamente, el 14 de marzo de 2025, el señor **BERRÍOS DÍAZ** presentó *Moción para que se Dicte Resolución*.[9] A pesar de ello, la **CASP** no había emitido decisión alguna.

Ante tal situación, el 22 de enero de 2026, el señor **BERRÍOS DÍAZ** acudió mediante *Solicitud de Mandamus* ante este Tribunal de Apelaciones. El 28 de enero de 2026, pronunciamos *Resolución* en la cual se le requirió a Secretaria expedir los emplazamientos dirigidos a la **CASP** y al **MUNICIPIO**. A los pocos días, el 3 de febrero de 2026, el señor **BERRÍOS DÍAZ** presentó *Moción en Cumplimiento de Orden* acompañada de los emplazamientos debidamente diligenciados a **CASP** y el **MUNICIPIO**.

Concedida una prórroga, el 23 de febrero de 2026, el **MUNICIPIO** presentó *Moción para Informar la Posición del Municipio de San Juan en Torno a la Solicitud de Mandamus*. El 25 de febrero de 2026, intimamos *Resolución* confiriendo término para exponer posición sobre la solicitud de desestimación del recurso por academicidad. Por motivo de *Orden* pronunciada el 20 de febrero de 2026 por **CASP**.[10] Al otro día, el 26 de febrero de 2026, el señor **BERRÍOS DÍAZ** presentó su *Moción en Cumplimiento de*

---

[7] *Íd.*, entradas núm. 14 y 15 del expediente electrónico del Sistema Unificado de Manejo y Administración de Casos (SUMAC-TA).

[8] *Íd.*, entrada núm. 16 del expediente electrónico del Sistema Unificado de Manejo y Administración de Casos (SUMAC-TA).

[9] *Íd.*, entrada núm. 13 del expediente electrónico del Sistema Unificado de Manejo y Administración de Casos (SUMAC-TA).

[10] El 20 de febrero de 2026, el señor **BERRÍOS DÍAZ** presentó *Moción Informativa y en Solicitud de Orden* anejando *Orden*.

*Orden*. Ayer, 12 de marzo de 2026, el señor **BERRÍOS DÍAZ** presentó un *Aviso de Desistimiento* en el cual acotó que la **CASP** pronunció *Resolución* disponiendo de la totalidad del caso en sus méritos y en virtud de dicha determinación, desiste voluntariamente de todas las reclamaciones incluidas en el recurso de *Mandamus*.

- II -

La Regla 83 del Reglamento del Tribunal de Apelaciones, sobre desistimiento y desestimación, en su inciso (A) faculta a la parte promovente de un recurso presentar en cualquier momento un aviso de desistimiento.[11] En conformidad con la Regla 83 (A) del Reglamento del Tribunal de Apelaciones, y en consideración al *Aviso de Desistimiento* presentado el 12 de marzo de 2026 por el señor **NÉSTOR BERRÍOS DÍAZ**, ***damos por desistida***, con perjuicio, el *Mandamus* interpuesto el 22 de enero de 2026 por el señor **BERRÍOS DÍAZ**; y ordenamos el cierre y archivo del presente caso.

**Notifíquese inmediatamente**.

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

---

[11] Dicho inciso lee: *"Regla 83 — Desistimiento y desestimación* (A) La parte promovente de un recurso podrá presentar en cualquier momento un aviso de desistimiento". Véase la Regla 83 del Reglamento del Tribunal de Apelaciones, según enmendada, *In Re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 141, págs. 116-118, 216 DPR ____ (2025).